UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANIA ALEXANDER,

    Plaintiff,

v.

FIRST PREMIER BANK, ET AL,

    Defendants.
_____/

Case No. 17-cv-13950

HONORABLE. VICTORIA A. ROBERTS

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. # 11)**

First PREMIER Bank ("First PREMIER") filed a Motion to Dismiss (Doc. # 11) ("Motion") Tania Alexander's ("Alexander") complaint for failure to state a claim upon which relief can be granted. Alexander says she discovered that someone fraudulently made unauthorized charges to her First PREMIER account. She alleges that she contacted First PREMIER to dispute the transaction. After almost a year there was no resolution.

Alexander sued First PREMIER for: 1) fraud; 2) violation of the Credit Services Protection Act ("CSPA"), M.C.L. § 445.1821; and 3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.

The Court issued an order on December 18, 2017, ordering Alexander to either file an amended complaint or a response to First PREMIER's motion by January 8, 2018. (Doc. # 14). Alexander did not exercise either option.

First PREMIER's Motion is **GRANTED**.

## I. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

### B. Failure to Respond

The Eastern District of Michigan's local court rules required Alexander to file a response if she opposed First PREMIER's Motion. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion").

"[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States AG Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (internal citations and quotations omitted). Although a court is within its discretion to consider a defendant's motion unopposed due to a plaintiff's lack of timely response, a court could consider the motion's merits. *See Zayed v. United States*, 221 F. Supp. 2d 813, 815 n.5 (N.D. Ohio 2002) (where the court "in the interest of justice" considered an unopposed motion to dismiss on its merits, rather than dismissing it on procedural grounds).

The Court considers the merits of First PREMIER's Motion.

## II. ANALYSIS

In Count I, Alexander fails to state a claim for fraud. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As First PREMIER states in its Motion, Alexander fails to plead with particularity any of the circumstances that would constitute fraud, including the content of the alleged fraudulent communication. Alexander failed to plead any factual conduct that would allow the Court to infer that First PREMIER is liable for fraud. *Iqbal*, 556 U.S. at 678. This claim is dismissed.

Second, Count II fails to state a claim for violation of the CSPA. The provisions of the CSPA make clear that, as a bank, First PREMIER is not subject to the CSPA. M.C.L. § 445.1821(c)(ii). This claim is dismissed as a matter of law.

Finally, Count III fails to state a claim for a violation of the FCRA. Alexander fails to set forth the elements of an FCRA violation, and does not allege any facts upon which the Court could infer that First PREMIER violated the FCRA. This claim is dismissed.

### III.   CONCLUSION

First PREMIER's Motion is **GRANTED**. Counts I and III are DISMISSED without prejudice. Count II is DISMISSED with prejudice.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 23, 2018

4